UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TAMARA GREEN;
THERESE SERIGNESE; and
LINDA TRAITZ

                Plaintiffs,

   -against-

WILLIAM H. COSBY, JR.,

                Defendant.

Misc. No. _____

Case No. 3:14-cv-30211-MGM in the
District of Massachusetts

## WILLIAM H. COSBY JR.'S MOTION TO QUASH SUBPOENA

William H. Cosby, Jr., by and through his undersigned attorneys, pursuant to Fed. R. Civ.

P. 45, respectfully moves the Court to quash the May 28, 2015 Subpoena served on Dolores M.

Troiani, Esquire ("Subpoena"), or, in the alternative, to stay compliance with the Subpoena until

after pending motions to dismiss are resolved in the United States District Court for

Massachusetts and that Court enters appropriate terms to maintain the confidentiality of the

protected information. In support of his motion, Mr. Cosby submits and relies upon the

accompanying Memorandum of Law and documents attached in support thereof.

Respectfully submitted,

COZEN O'CONNOR

Dated: June 2, 2015

By: _George Gowen/mfz_____

George M. Gowen
1900 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 665-2781
Fax: (215) 989-4174
*Attorneys for William H. Cosby, Jr.*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TAMARA GREEN;
THERESE SERIGNESE; and
LINDA TRAITZ

Plaintiffs,

-against-

WILLIAM H. COSBY, JR.,

Defendant.

Misc. No. _____

Case No. 3:14-cv-30211-MGM in the
District of Massachusetts

## WILLIAM H. COSBY JR.'S MEMORANDUM OF LAW
## IN SUPPORT OF HIS MOTION TO QUASH SUBPOENA

George M. Gowen
COZEN O'CONNOR
1900 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 665-2781
Fax: (215) 989-4174

*Attorneys for William H. Cosby, Jr.*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...................................................................................1

RELEVANT BACKGROUND ....................................................................................2

    A.   The Constand Litigation ..........................................................................2

    B.   The Massachusetts Litigation ..................................................................5

        1.  Litigation Overview .......................................................................5

        2.  Plaintiffs' Attempts at Expedited Discovery ...................................6

    C.   The Subpoena............................................................................................7

ARGUMENT ..............................................................................................................8

I.     THE MASSACHUSETTS PLAINTIFFS HAVE NO COMPELLING
       JUSTIFICATION FOR THE PRODUCTION OF CONFIDENTIAL MATERIALS
       PROTECTED BY SETTLEMENT AGREEMENT AND COURT ORDER.................8

II.    THIS COURT SHOULD NOT PERMIT DISCLOSURE PURSUANT TO  THE
       TROIANI SUBPOENA UNLESS AND UNTIL ANY OF THE MASSACHUSETTS
       PLAINTIFFS' CLAIMS SURVIVE A MOTION TO DISMISS ..................................11

    A.   Prohibiting Disclosure Pursuant to the Subpoena Pending the Resolution of the
         Motions to Dismiss Will Facilitate Efficient Discovery........................................11

    B.   Prohibiting Disclosure Pursuant to  the Subpoena Pending the Resolution of the
         Motions to Dismiss is Necessary to Protect Mr. Cosby's Privacy Interests .........13

    C.   The Massachusetts Plaintiffs Have No Pressing Need for Discovery ..................14

III.  THIS COURT SHOULD PROHIBIT DISCLOSURE PURSUANT TO THE
       SUBPOENA UNTIL THE COURT IN THE MASSACHUSETTS LITIGATION
       ORDERS APPROPRIATE CONFIDENTIALITY PROTECTIONS............................15

IV.  IN ANY EVENT, THIS COURT SHOULD GIVE MR. COSBY AN OPPORTUNITY
       TO REVIEW ANY MATERIAL PRIOR TO DISCLOSURE ......................................15

CONCLUSION............................................................................................................16

William H. Cosby, Jr. respectfully submits this memorandum of law in support of his motion to quash or modify the May 28, 2015 subpoena served on Dolores M. Troiani, Esq. (the "Subpoena").

## PRELIMINARY STATEMENT

In 2006, Mr. Cosby entered into a confidential settlement agreement (the "Confidential Settlement") that resolved litigation pending in this Court (the "Constand Litigation"). That agreement prohibited the disclosure of all documents pertaining to any aspect of the Constand Litigation. The confidentiality terms were a material inducement to the Confidential Settlement on the part of not only Mr. Cosby, but also Ms. Constand and several other parties, none of whom is a party to the present action. Current Plaintiffs Tamara Green, Therese Serignese, and Linda Traitz (together, the "Massachusetts Plaintiffs"), who were not parties to the Constand Litigation, now seek to disrupt the protections of the Confidential Settlement by subpoenaing materials from Ms. Constand's counsel that are expressly prohibited from disclosure. The Subpoena should be quashed.

First, the Massachusetts Plaintiffs have failed to provide any compelling justification to set aside the confidentiality terms that are included in the Confidential Settlement. Public policy strongly favors the settlement of disputed claims, and confidentiality agreements—like the one at issue here—should not be set aside lightly. Similarly, during the course of the Constand Litigation, the Court entered orders protecting discovery material generated in that litigation from disclosure. Those protections should remain in force and the Subpoena quashed to avoid improper disclosure of the confidential materials.

Second, the Subpoena should be quashed and disclosure thereunder stayed because disclosure of the protected materials is premature. Mr. Cosby has filed motions to

1

dismiss the Massachusetts Plaintiffs' claims in their entirety that are currently pending before the Massachusetts Court. A motion to stay discovery in this action pending decision on the motions to dismiss is also pending before the Massachusetts district court. Even in the event that the Court finds that some disclosure of the confidential materials is appropriate, such disclosure should not occur unless and until the pending motions to dismiss are resolved. Indeed, stays of discovery pending the resolution of a motion to dismiss are routine: if Mr. Cosby's motions to dismiss are granted in full, discovery will be futile. Even if Mr. Cosby's motions to dismiss are granted only in part, awaiting decision will allow discovery to be tailored and efficiently focused on those claims and Plaintiffs, if any, that do survive. Waiting just a short period of time for the Court to resolve the pending motions to dismiss may substantially lessen—or eliminate—the burdens associated with discovery.

Third, compliance with the Subpoena should be stayed until the Massachusetts Court enters appropriate terms to maintain the confidentiality of the protected materials that the Subpoena seeks.

Finally, and in the alternative, if and when the Subpoena is enforced, the Court should afford Mr. Cosby an opportunity to review and object to disclosure of any materials before they are produced.

## **RELEVANT BACKGROUND**

### A. **The Constand Litigation**

On March 8, 2005, Andrea Constand filed an action – *Constand v. Cosby* – against Mr. Cosby in this District, which was heard by the Honorable Eduardo C. Robreno. *See Constand v. Cosby*, No. 2:05-cv-1099 (E.D. Pa.). In that litigation, Ms. Constand asserted claims for battery, assault, intentional and negligent infliction of emotional distress, defamation, and false light/invasion of privacy against Mr. Cosby. (*See Constand v. Cosby*, No. 05-cv-1099

2

(E.D. Pa.), Amended Complaint (Dkt. No. 41).)  On February 1, 2006, Ms. Constand filed a

separate action against Martin Singer, an alleged spokesperson for Mr. Cosby, and The National

Enquirer.  That action, which was also filed in this District and heard by Judge Robreno, alleged

claims for defamation and false light/invasion of privacy against Mr. Singer and The National

Enquirer.  (*See Constand v. Singer, et al.*, No. 2:06-cv-00483 (E.D. Pa.), Complaint (Dkt. No.

1).)  Together, Ms. Constand's actions against Mr. Cosby, Mr. Singer, and The National

Enquirer are referred to as the "Constand Litigation."

Discovery in the Constand Litigation was largely conducted privately, and

discovery materials were submitted to the court, as necessary, under seal.  Indeed, on November

4, 2005, the Court issued an order acknowledging that the "depositions [of the parties] were

taken in private" and ordering that "all requests for discovery, responses and legal memoranda

filed pursuant to this order shall be filed **UNDER SEAL**."  (*Constand v. Cosby*, No. 05-cv-1099

(E.D. Pa.), 11/4/05 Order (Dkt. No. 47).)  On July 12, 2006, the Court reaffirmed the confidential

nature of the discovery materials by issuing a Stipulation of Confidentiality that acknowledged

that the "case management order [in *Contand v. Cosby*] preserv[ed] the confidentiality of certain

discovery materials" and extended the same obligation to "maintain and preserve the

confidentiality of the discovery they receive and abide by the terms of the Court's original order

governing confidentiality of discovery materials" to Mr. Singer and The National Enquirer.

(*Constand v. Cosby*, No. 05-cv-1099 (E.D. Pa.), 6/12/06 Order (Dkt. No. 94).)

The Constand Litigation was dismissed with prejudice on November 8, 2006,

after the execution of a Confidential Settlement Agreement and General Release between the

parties and their counsel (the "Confidential Settlement").[1]  The Confidential Settlement requires

each party to that agreement to maintain the confidentiality of materials and information

gathered and generated in the course of the Constand Litigation. (LoBue Decl. ¶ 5.)[2]  Further,

each party to the Confidential Settlement explicitly agreed not to disclose to anyone the

information that they learned during discovery in the Constand Litigation.  The confidentiality

provisions were a material inducement to each of the parties to enter into the Confidential

Settlement, and Mr. Cosby relied on those provisions, as well as the Court's prior orders, in

agreeing to enter into the Confidential Settlement. (*Id.*)

     Ms. Troiani is an attorney who represented Ms. Constand in the Constand

Litigation, and she is a party to the Confidential Settlement.  The documents sought by the

Subpoena are protected materials that Ms. Troiani is not permitted to disclose pursuant to the

Confidential Settlement.  Pursuant to that agreement, upon the filing of this motion to quash, Ms.

Troiani is barred from complying with the Subpoena until this matter is resolved by this Court.[3]

     The parties to the Confidential Settlement agreed that the Eastern District of

Pennsylvania would be the exclusive jurisdiction in any proceeding to enforce the Confidential

Settlement, and that they would submit any dispute concerning the Confidential Settlement to the

Honorable Thomas J. Rueter.  (LoBue Decl. ¶ 7.)

---

[1] The parties to the Confidential Settlement are Andrea Constand, William H. Cosby, Jr., Martin D. Singer, American Media, Inc., Gianna Constand, Andrew Constand, and their counsel. (LoBue Decl. ¶ 4.)

[2] The Confidential Settlement *prohibits* the disclosure of its terms or conditions, including by filing the Confidential Settlement itself with any court, except if the agreement itself is the subject of litigation and then only to the extent necessary to assert rights and/or defend litigation. (LoBue Decl. ¶ 6.)  There is no dispute that the Confidential Settlement prohibits disclosure of the subpoenaed materials and, accordingly, Mr. Cosby has not attached the Confidential Settlement as an exhibit to this motion.  In the event the Court wishes to review the relevant portions of the Confidential Settlement, Mr. Cosby would be willing to provide them to the Court for *in camera* review.

[3] Indeed, on May 28, 2015, Ms. Troiani emailed counsel for Mr. Cosby acknowledging her obligations pursuant to the Confidential Settlement. (Ex. 8.)

## B.      The Massachusetts Litigation

### 1.      Litigation Overview

Plaintiffs Tamara Green, Therese Serignese, and Linda Traitz are plaintiffs in an

action pending before the Honorable Mark G. Mastroianni in the District of Massachusetts (the

"Massachusetts Litigation").[4]  *See Green, et al. v. Cosby*, No. 14-cv-30211 (MGM).  The

Massachusetts Plaintiffs contend that Mr. Cosby assaulted them in three separate incidents in the

1970s.  In an amended complaint filed on January 5, 2015 (the "Amended Complaint"), they

claim that Mr. Cosby is vicariously liable for defamation because his representatives made

statements (the "Statements") denying the Massachusetts Plaintiffs' accusations of assault.  (*See*

Amended Complaint, Ex. 1.)[5]  Although filed as a single action, the Massachusetts Litigation is

essentially three separate defamation actions joined into one:  the alleged facts concerning the

alleged assaults that underlie the defamation claims are different, and the allegedly defamatory

denials by Mr. Cosby's agents published in 2005 and 2014 are almost entirely different for each

plaintiff.  For example, Ms. Green alleged that she was defamed by various statements that

mention her specifically and do not involve the other two plaintiffs; Ms. Traitz alleges

defamation in one statement that mentions her by name and one that does not; Ms. Serignese

alleges defamation in one statement that does not mention her.

On February 27, 2015, Mr. Cosby filed motions to dismiss the Amended

Complaint.  (*See* Exs. 2-4.)   Mr. Cosby argued that Plaintiffs' claims should be dismissed in

their entirety because, *inter alia*, (1) the Statements are constitutionally protected opinions or

---

[4] Plaintiff Green initiated the Massachusetts Litigation by filing a complaint alleging claims against Mr. Cosby on December 10, 2014.  Plaintiffs Serignese and Traitz joined the action on January 5, 2015, when an amended complaint was filed.

[5] The numbered exhibits referred to in this memorandum are attached to the Declaration of Robert P. LoBue, which is submitted herewith.

non-defamatory statements of fact, (2) the Statements are protected by a common-law privilege of self-defense, and (3) the Massachusetts Plaintiffs failed to plausibly plead that the speaker of any of the Statements acted with the constitutionally required degree of fault. (*See id.*) Mr. Cosby also presented additional reasons why Plaintiffs claims' could not succeed, including that Plaintiffs have not identified any statements that are of and concerning Ms. Serignese, and that any alleged statements concerning Ms. Traitz are substantially true. (*See id.*)[6]

Mr. Cosby's motions to dismiss are now fully briefed, and the Massachusetts Court has scheduled a hearing concerning those motions on June 9, 2015.[7]

## 2.   Plaintiffs' Attempts at Expedited Discovery

The Massachusetts Plaintiffs filed a motion for expedited discovery in the Massachusetts Court in order to serve a subpoena upon Ms. Troiani to obtain certain documents that were generated or obtained in connection with the Constand Litigation.

At a May 7, 2015 conference, Magistrate Judge Hennessy denied the Massachusetts Plaintiffs' motion for leave to serve a subpoena upon Ms. Troiani.  The Court determined that Plaintiffs "have not met their burden" of "showing good cause for expedited discovery" (Ex. 5, 5/7/15 Tr. at 32) because, *inter alia*, Plaintiffs would not suffer any "demonstrated irreparable harm", the proposed discovery would burden Mr. Cosby because it "implicate[s] privacy rights of the parties that were involved in the prior litigation," and because

---

[6] The same day Mr. Cosby filed his motions to dismiss the Amended Complaint, the Massachusetts Plaintiffs filed a second amended complaint (the "Second Amended Complaint").  Consistent with the Massachusetts Court's orders, Mr. Cosby renewed his February 2015 motions to dismiss as to the Second Amended Complaint, and relied on those and other previously filed papers to explain why the Second Amended Complaint should be dismissed in its entirety.

[7] Although the hearing is currently scheduled for June 9, 2015, it is likely to be rescheduled to June 22, 2015 to accommodate a scheduling conflict.

"[t]here has not been a showing as to how the expedited production of these documents, assuming they exist, would conserve judicial or litigation resources" (*id.* at Tr. 32-34).[8]

At the May 7 conference, Magistrate Judge Hennessy also ordered a scheduling conference to take place on June 19, 2015. In preparation for that conference, on May 26, 2015, the parties engaged in a Rule 26(f) meet and confer telephone call. During that call, counsel for Mr. Cosby expressed their view that discovery should not begin until after Mr. Cosby's pending motions to dismiss are resolved. (LoBue Decl. ¶ 2.) Counsel for Mr. Cosby further explained that discovery should not begin until the parties negotiate a confidentiality agreement that would govern the exchange of confidential material in the Massachusetts Litigation. (*Id.*) The parties were unable to resolve their dispute concerning when discovery should begin in this action. (*Id.*)

On May 29, 2015, Mr. Cosby filed in the Massachusetts Court a motion to stay discovery until after his motions to dismiss are resolved in the Massachusetts Litigation. (*See* Ex. 6.)

### C.      The Subpoena

On May 28, 2015, the Massachusetts Plaintiffs served the Subpoena upon Ms. Troiani. (Ex. 7.) The Subpoena seeks "[a]ny and all documents which concern or relate to any one or more of the following persons: Tamara Green, Therese Serignese, Linda Traitz." This is essentially the same subpoena that Plaintiffs were denied leave to serve on May 7.

---

[8] As of April 7, 2015, the parties had not yet held a Rule 26(f) conference and, accordingly, any subpoena was invalid unless the Massachusetts Plaintiffs received prior leave of court. *See* Fed. R. Civ. P. 26(d). Although the parties to the Massachusetts Litigation have now participated in a Rule 26(f) conference, discovery in advance of the resolution of Mr. Cosby's motions to dismiss remains improper for reasons discussed *infra*.

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 45(d)(3)(A), a court "must quash or modify a subpoena that … (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). *See also* Fed. R. Civ. P. 26(c)(1) (authorizing District Court to issue a protective order to protect "a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, *inter alia*, "forbidding the disclosure or discovery."). Here, the Subpoena should be quashed because it purports to require the production of materials that are protected from disclosure by the Confidential Settlement and prior orders of this Court, and because it improperly seeks such discovery while motions to dismiss are pending in the Massachusetts Court and before appropriate protections have been put in place to preserve the confidentiality of the protected materials.

## I. THE MASSACHUSETTS PLAINTIFFS HAVE NO COMPELLING JUSTIFICATION FOR THE PRODUCTION OF CONFIDENTIAL MATERIALS PROTECTED BY SETTLEMENT AGREEMENT AND COURT ORDER

The confidential materials subject to the Subpoena are protected from disclosure both by the Confidential Settlement and by orders entered during the course of the Constand Litigation. The Massachusetts Plaintiffs have set forth no compelling need for these materials and, accordingly, the Subpoena should be quashed.

It is well established "that public policy strongly favors the settlement of disputed claims, and confidentiality agreements regarding settlements should not be set aside absent a compelling justification." *Barbine v. Keystone Quality Transp.*, No. 03-cv-3426, 2004 U.S. Dist. LEXIS 31839, at *3 (E.D. Pa. Apr. 16, 2004). "This strong public interest outweighs any general public interest in providing litigants broad discovery of facts to support their claims and defenses." *Hasbrouck v. BankAmerica Hous. Servs.*, 187 F.R.D. 453, 461 (N.D.N.Y 1999). For

these reasons, courts have denied discovery that seeks the production of materials protected by confidentiality agreements entered into in connection with litigation settlements. *See, e.g. Hasbrouck*, 187 F.R.D. at 461-62 (denying discovery based on the "substantial pubic interest in maintaining confidentiality of settlements, and the slight, if any, relevance demonstrated"); *Flynn v. Portland General Elec. Corp.*, No. 88-cv-455, 1989 U.S. Dist. LEXIS 11219, at *3-5 (D. Or. Sept. 21, 1989) (noting that "the strong public policy favoring settlement of disputed claims dictates that confidentiality agreements regarding such settlements not be lightly abrogated" and denying discovery of "matters within the scope of the Stipulation and the Settlement Order").

Similarly, courts generally continue to protect from disclosure confidential materials that were subject to protective orders entered during the course of the litigation, especially where the parties relied on the court's confidentiality orders in entering into a settlement. Indeed, the Second Circuit has held that "once a confidentiality order has been entered and relied upon, it can only be modified if an 'extraordinary circumstance' or 'compelling need' warrants the requested modification." *FDIC v. Ernst & Ernst*, 677 F.2d 230, 232 (2d Cir. 1982) (quoting *Martindell v. ITT Corp.*, 594 F.2d 291, 296 (2d Cir. 1979)); *see also SEC v. TheStreet.com*, 273 F.3d 222, 230 (2d Cir. 2001) ("It is, moreover, presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied . . . We have been hesitant, therefore, to permit modifications of protective orders in part because such modifications unfairly disturb the legitimate expectations of litigants."). Although the Third Circuit has declined to adopt the Second Circuit's test in full, it has explained that once a protective order is in place, "one of the factors the court should consider in determining whether to modify the order is the reliance by the original parties on the

confidentiality order." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 790 (3d Cir. 1994).[9]

Here, Mr. Cosby and the other signatories relied on the confidentiality protections contained

within the Confidential Settlement in entering into that agreement and resolving the Constand

Litigation. Likewise, the parties to the Constand Litigation requested, received and relied on this

Court's prior orders maintaining the confidentiality of materials exchanged in the Constand

Litigation and protecting them from further disclosure. Those agreements and orders should not

be set aside lightly.

   The Massachusetts Plaintiffs, however, have no compelling justification for

setting aside those confidentiality protections. The Subpoena seeks documents concerning

Plaintiffs Green, Serignese, Traitz; but the Massachusetts Plaintiffs have no basis to seek such

discovery from *Ms. Troiani*. To the extent the Massachusetts Plaintiffs have claims against Mr.

Cosby based on alleged assaults in the 1970s, their best hope of establishing that the alleged

assaults occurred is their own testimony. To the extent they wish to ask Mr. Cosby about

whether the alleged assaults occurred, they will have ample opportunity to seek discovery

directly from Mr. Cosby at an appropriate time in the Massachusetts Litigation. In either case,

---

[9] *Pansy* instructs that the other factors a court should consider in evaluating whether to modify a protective order are the same factors that govern whether a protective order should be issued in the first place. 23 F.3d at 790. The Court's prior confidentiality orders continue to be appropriate today, because the relevant factors all weigh in favor of maintaining confidentiality or are neutral. The factors are (1) whether disclosure will violate any privacy interests; (2) whether the information is sought for a legitimate purpose; (3) whether the disclosure will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether the party benefiting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public. *See Shingara v. Skiles*, 420 F.3d 301, 305-306 (3d Cir. 2005). Factor 1 weighs against disclosure because it is clear that disclosure under these circumstances will violate privacy interests of the signatories to the Confidential Settlement. Similarly, as discussed in greater detail *infra*, factors 2 and 5 weigh against disclosure at the current stage in the Massachusetts Litigation because the Massachusetts Plaintiffs' claims may be dismissed as a result of Mr. Cosby's pending motions to dismiss. Factors 3, 4, 6, and 7 also are neutral or weigh against disclosure because the information is not important to public health or safety and the matter does not involve public entities or officials.

there is no added relevance or value to the discovery they seek from Ms. Troiani. To the extent

there is some minimal relevance to that discovery, it is outweighed by the strong public interest

in encouraging settlement and Mr. Cosby's legitimate reliance on the Confidential Settlement

and prior orders entered by this Court preserving the confidentiality of the subpoenaed materials.

*See, e.g. Hasbrouck*, 187 F.R.D. at 461-62.

## II.   THIS COURT SHOULD NOT PERMIT DISCLOSURE PURSUANT TO THE TROIANI SUBPOENA UNLESS AND UNTIL ANY OF THE MASSACHUSETTS PLAINTIFFS' CLAIMS SURVIVE A MOTION TO DISMISS

Even if the Massachusetts Plaintiffs could ultimately establish a need for

production of the materials sought by the Subpoena, they certainly cannot do so where it is

unclear whether any of their claims will survive the motions to dismiss that are currently pending

in the Massachusetts Court. Allowing the Subpoena at this time would thus frustrate judicial

efficiency, unnecessarily invade Mr. Cosby's privacy, and discourage the exercise of

constitutionally protected speech.

### A.   Prohibiting Disclosure Pursuant to the Subpoena Pending the Resolution of the Motions to Dismiss Will Facilitate Efficient Discovery

"Courts are vested with broad discretion to manage the conduct of discovery, with

the ultimate goal of ensuring the just, speedy, and inexpensive determination of every action and

proceeding." *Sai v. Dep't of Homeland Sec.*, No. 14-cv-1876, 2015 U.S. Dist. LEXIS 50056, at

*12 (D.D.C. Apr. 16, 2015) (internal citations and quotation marks omitted). To satisfy those

goals, courts "have often stayed discovery while a motion that would be thoroughly dispositive

of the claims in the Complaint is pending." *Id.* (staying discovery "pending the resolution of the

Defendants' motion to dismiss and Plaintiff's motion for partial summary judgment") (internal

quotation marks omitted). Staying discovery pending resolution of a motion to dismiss promotes

efficiency because "if the motion is granted, discovery would be futile." *Mann v. Brenner*, 375

F. App'x. 232, 239 (3d Cir. 2010) (affirming district court's decision to stay "discovery pending resolution of the motions to dismiss"). Thus, a "stay is proper where the likelihood that a motion to dismiss may result in a narrowing or outright elimination of discovery outweighs any likely harm from the delay." *Ryder v. Bartholomew*, No. 13-cv-1498, 2014 U.S. Dist. LEXIS 71839, at *8 (M.D. Pa. May 27, 2014) (staying discovery pending resolution of motions to dismiss); *see also Barbieri v. Wells Fargo & Co.*, No. 09-cv-3196, 2012 U.S. Dist. LEXIS 105969 (E.D. Pa. July 27, 2012) (staying discovery where court anticipated that defendants would file a motion to dismiss the amended complaint); *United States ex rel. Spay v. CVS Caremark Corp.*, No. 09-cv-4672, 2012 U.S. Dist. LEXIS 190652 (E.D. Pa. July 11, 2012) (staying discovery until resolution of pending motion to dismiss); *McLafferty v. Deutsche Lufthansa A.G.*, No. 08-cv-1706, 2008 U.S. Dist. LEXIS 81627 (E.D. Pa. Oct. 14, 2008) (Angell, M.J.) ("[D]elaying discovery until the Court can determine whether or not Plaintiffs have pled the facts necessary to proceed with the claim, may help to streamline the expensive discovery process, and, thereby, minimize the burden on counsel, parties and the Court.").

Here, a stay of discovery would satisfy the ultimate goal of ensuring the just, speedy, and efficient determination of this action. If Mr. Cosby's pending motions to dismiss succeed, they will be thoroughly dispositive of the claims in the complaint. (*See* Exs. 2-4.) Mr. Cosby has also presented additional arguments for why certain of the individual Massachusetts Plaintiffs' claims should be dismissed. For example, Mr. Cosby has a statute of limitations defense solely against Ms. Green. The Massachusetts Plaintiffs have not identified any allegedly defamatory statement that is of and concerning Ms. Serignese. Similarly, Mr. Cosby argues solely with respect to Plaintiff Traitz that her defamation claims cannot succeed because the

allegedly defamatory statements are substantially true because of her multiple convictions for felonies involving dishonesty.

The Massachusetts Court's decision on the pending motions to dismiss will determine which, if any, of the Massachusetts Plaintiffs' claims may proceed and accordingly, what the proper scope of discovery in this case should be. Accordingly, Mr. Cosby has already filed a motion to stay discovery in the Massachusetts Court.

**B.  Prohibiting Disclosure Pursuant to the Subpoena Pending the Resolution of the Motions to Dismiss is Necessary to Protect Mr. Cosby's Privacy Interests**

Regardless of how the Massachusetts Court rules on Mr. Cosby's pending motion to stay discovery, there is no basis for the Massachusetts Plaintiffs to seek discovery from Ms. Troiani in this district while the motions to dismiss are pending.

"A Rule 12(b)(6) motion essentially represents a checkpoint that must be cleared before a plaintiff can reach the discovery stage of litigation." *See Top v. Ocean Petroleum, LLC,* No. 10-cv-1042, 2010 U.S. Dist. LEXIS 78090, at *9 (D.N.J. Aug. 3, 2010) (citing *Mann*, 375 F. App'x 232.). Quashing the Subpoena pending the resolution of Mr. Cosby's motions to dismiss is especially appropriate here because the Subpoena seeks confidential material that is protected by the Confidential Settlement and this Court's prior orders. "[C]onfidentiality agreements regarding settlements should not be set aside absent a compelling justification." *Barbine*, 2004 U.S. Dist. LEXIS 31839 at *3. If the Massachusetts Plaintiffs cannot clear the checkpoint of a Rule 12(b)(6) motion, then they certainly cannot establish a compelling justification for invading the privacy interests of the six parties and their counsel to the Confidential Settlement. Accordingly, the Subpoena should be quashed at minimum until after the Massachusetts Court decides the pending motions to dismiss.

**C.      The Massachusetts Plaintiffs Have No Pressing Need for Discovery**

The Massachusetts Plaintiffs are unable to identify any reason for why they need

discovery *now*, or how they will be harmed if discovery follows the Massachusetts Court's

resolution of the pending motions to dismiss.

To date, the Massachusetts Plaintiffs have put forth only two arguments in an

attempt to justify their need for discovery while the motions to dismiss are pending.  First, they

argue that discovery will aid the Massachusetts Court's resolution of the pending motions to

dismiss.  The Massachusetts Court has, however, already rejected this argument.  As Magistrate

Judge Hennessy already found, "the standard on a motion to dismiss requires that a court take the

allegations in a complaint as true and take all reasonable inferences in favor of the plaintiff that

can be drawn from those facts."  (Ex. 5, 5/7/15 Tr. at 32.)  No matter what the discovery shows,

it thus cannot save Plaintiffs' claims from dismissal. *Wicker v. Shannon*, No. 09-cv-1629, 2010

U.S. Dist. LEXIS 60611, at *1-2 (M.D. Pa. June 18, 2010) ("By its nature, a motion to dismiss

pursuant to Fed.R.Civ.P. 12(b)(6) does  not rely on matters outside the Plaintiffs complaint; thus,

additional evidentiary matters will not be considered. Therefore, if truly dispositive, the

resolution of the Motion to Dismiss will terminate the case without the need to respond to the

pending discovery.").

Second, the Massachusetts Plaintiffs argue that they seek discovery while the

motions to dismiss are pending so that they can amend their complaint.  The Third Circuit has

rejected this argument. *Mann*, 375 F. App'x at 239 ("A motion to dismiss pursuant to Rule

12(b)(6) tests the legal sufficiency of a claim, and therefore may be decided on its face without

extensive factual development."); *Barbieri.*, 2012 U.S. Dist. LEXIS 105969, at *13-14

("Plaintiffs argue in opposition to Defendants' Motion for a Protective Order that discovery will

allow them to gather additional facts to support the claims asserted in the Complaint as well as potential additional claims. This argument has been flatly rejected by the Third Circuit.").

Moreover, the Massachusetts Court is likely to resolve the motions to dismiss in the near future. Those motions are already fully briefed. No harm will result from quashing the Subpoena until the Massachusetts Court resolves the pending motions to dismiss.

## III.   THIS COURT SHOULD PROHIBIT DISCLOSURE PURSUANT TO THE SUBPOENA UNTIL THE COURT IN THE MASSACHUSETTS LITIGATION ORDERS APPROPRIATE CONFIDENTIALITY PROTECTIONS

In the event that the Court determines that some disclosure of materials is appropriate at a future date, no disclosure to the Massachusetts Plaintiffs should take place unless and until the Massachusetts Plaintiffs and Mr. Cosby reach an agreement concerning the appropriate confidentiality protections to apply to that material. On May 26, 2015, Mr. Cosby shared a proposed confidentiality agreement and protective order with the Massachusetts' Plaintiffs; they have not yet indicated, however, whether they will agree to the terms of that proposal. (LoBue Decl. ¶ 3.)

## IV.   IN ANY EVENT, THIS COURT SHOULD GIVE MR. COSBY AN OPPORTUNITY TO REVIEW ANY MATERIAL PRIOR TO DISCLOSURE

Finally, even if this Court does not quash or stay the effect of the Subpoena, it should afford Mr. Cosby's attorneys an opportunity to review any material that Ms. Troiani believes is responsive. The Constand Litigation involved different claims and numerous witnesses who are not the subject of the Subpoena. Ms. Troiani's files may well contain documents that interweave information about the present Plaintiffs and other matters that are not called for, and deciding what to produce may require judgment calls on which the parties may

not agree.[10]  It is only fair that Mr. Cosby have an opportunity to review and, if appropriate,

object to disclosure before it occurs.

## CONCLUSION

For the reasons set forth above, Mr. Cosby respectfully requests that the Court

grant Mr. Cosby's motion to quash the May 28, 2015 Subpoena served on Dolores M. Troiani,

Esq.  In the alternative, the Court should stay compliance with the Subpoena until after the

pending motions to dismiss are resolved and the Massachusetts Court enters appropriate terms to

maintain the confidentiality of the protected information.

Dated:  June 2, 2015

COZEN O'CONNOR

By:  _____
George M. Gowen
1900 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 665-2781
Fax: (215) 989-4174

*Attorneys for the Defendant William H. Cosby*

---

[10] For example, Mr. Cosby does not believe that the Confidential Settlement is responsive to the
Subpoena.  In the event that Ms. Troiani disagrees, Mr. Cosby should have an opportunity to object to the
production of that document and any other documents Ms. Troiani believes are responsive before they are
disclosed.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TAMARA GREEN;
THERESE SERIGNESE; and
LINDA TRAITZ

                     Plaintiffs,

   -against-

WILLIAM H. COSBY, JR.,

                    Defendant.

Misc. No. _____

Case No. 3:14-cv-30211-MGM in the
District of Massachusetts

## ORDER

AND NOW, this ___ day of _____, 2015, upon consideration of William H.

Cosby. Jr.'s Motion to Quash Subpoena and any response thereto, it is hereby **ORDERED** that

Mr. Cosby's Motion is **GRANTED** and the May 28, 2015 Subpoena served on Dolores M.

Troiani, Esquire is **QUASHED.**

                                      **BY THE COURT:**

                                   _____

## CERTIFICATE OF SERVICE

I, George M. Gowen, hereby certify that on June 2, 2015, I caused a true and correct copy of the foregoing Motion to Quash and supporting documents to be served via first class mail as follows:

Joseph Cammarata, Esquire
Matthew W. Tievsky, Esquire
CHAIKIN, SHERMAN, CAMMARATA & SIEGEL, P.C.
The Law Building
1232 Seventeenth Street, N.W.
Washington, D.C. 20036

Andrew Abraham, Esquire
ABRAHAM & ASSOCIATES, P.C.
2 Center Plaza, Suite 620
Boston, MA 02108

*Attorneys for Plaintiff*

Dolores M. Troiani, Esquire
TROIANI & GIBNEY, LLP
1171 Lancaster Avenue, Suite 101
Berwyn, PA 19312

George M. Gowen

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMARA GREEN;<br>THERESE SERIGNESE; AND<br>LINDA TRAITZ<br><div align=right>Plaintiffs,</div><br><br>vs.<br><br>WILLIAM H. COSBY, JR.<br><div align=right>Defendant.</div> | Misc. No. _____<br><br>Case No. 3:14-cv-30211-MGM in the<br>District of Massachusetts<br><br>DECLARATION OF ROBERT P.<br>LoBUE IN SUPPORT OF WILLIAM H.<br>COSBY JR.'S MOTION TO QUASH<br>SUBPOENA |

ROBERT P. LoBUE hereby declares under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.      I am a member of Patterson Belknap Webb & Tyler LLP and am counsel to Defendant in the action captioned *Green, et al. v. Cosby*, No. 14-cv-30211 (MGM), pending in the United States District Court for the District of Massachusetts (the "Massachusetts Litigation").

2.      On May 26, 2015, the parties to the Massachusetts Litigation engaged in a Rule 26(f) meet and confer telephone call.  During that call, I set forth Defendant's position that discovery should not begin until after Mr. Cosby's pending motions to dismiss are resolved.  I further explained that discovery should not begin until the parties negotiate a confidentiality agreement that would govern the exchange of confidential material in the Massachusetts Litigation.  The parties to the Massachusetts Litigation were unable to resolve their dispute concerning when discovery should begin in this action.

3.      On May 26, 2015, Mr. Cosby shared with the Massachusetts Plaintiffs a proposed confidentiality agreement and protective order that would govern the exchange of confidential

material in the Massachusetts Litigation.  The Massachusetts Plaintiffs have not yet indicated

whether they will agree to the terms of that proposed agreement and order.

     4.     Mr. Cosby was party to litigation filed by Andrea Constand in the United States

District Court for the Eastern District of Pennsylvania (the "Constand Litigation").  The

Constand Litigation was dismissed with prejudice after the execution of a Confidential

Settlement Agreement and General Release between Andrea Constand, William H. Cosby, Jr.,

Martin D. Singer, American Media, Inc., Gianna Constand, Andrew Constand, and their counsel

(the "Confidential Settlement").

     5.     The Confidential Settlement requires each party to that agreement to maintain the

confidentiality of materials and information gathered and generated in the course of the Constand

Litigation.  Further, each party to the Confidential Settlement explicitly agreed not to disclose to

anyone the information that they learned during discovery in the Constand Litigation.  The

confidentiality provisions were a material inducement to each of the parties to enter into the

Confidential Settlement, and Mr. Cosby relied on those provisions in agreeing to enter into the

Confidential Settlement.

     6.     The confidentiality provisions in the Confidential Settlement prohibit the

disclosure of its terms or conditions, including by filing the Confidential Settlement itself with

any court, except if the agreement itself is the subject of litigation and then only to the extent

necessary to assert rights and/or defend litigation.  Accordingly, in an abundance of caution, the

Confidential Settlement is not attached as an exhibit to this motion but Mr. Cosby is prepared if

necessary to submit it for *in camera* inspection by the Court.

     7.     The parties to the Confidential Settlement further agreed that the Eastern District

of Pennsylvania would be the exclusive jurisdiction in any proceeding to enforce the

Confidential Settlement, and that they would submit any dispute concerning the Confidential

Settlement to the Honorable Thomas J. Rueter.

        8.      True and correct copies of the following documents are attached as exhibits to this

declaration:

| | |
|---|---|
| **Exhibit 1:** | Amended Complaint, *Green et al. v. Cosby*, No. 14-cv-30211 (MGM) (D. Mass.), dated January 5, 2015 (the "Amended Complaint"). |
| **Exhibit 2:** | Mr. Cosby's Motion to Dismiss Count I of the Amended Complaint. |
| **Exhibit 3:** | Mr. Cosby's Motion to Dismiss Count II of the Amended Complaint. |
| **Exhibit 4:** | Mr. Cosby's Motion to Dismiss Count III of the Amended Complaint. |
| **Exhibit 5:** | Excerpts from the May 7, 2015 Transcript of Motion Hearing before the Honorable David H. Hennessy at Worcester, Massachusetts. |
| **Exhibit 6:** | Mr. Cosby's Motion to Stay Discovery in the Massachusetts Litigation. |
| **Exhibit 7:** | Subpoena to Dolores M. Troiani, dated May 28, 2015. |
| **Exhibit 8:** | Email from Dolores M. Troiani to John P. Schmitt, dated May 28, 2015. |

Dated: New York, New York
June 1, 2015

                                      /s/ Robert P. LoBue

                                      Robert P. LoBue

7965621

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS
Western Division

TAMARA GREEN                    :
                                :
      and                       :
                                :
THERESE SERIGNESE               :
                                :
      and                       :     Case No. 3:14-cv-30211-MGM
                                :
LINDA TRAITZ                    :
                                :
         Plaintiffs,            :
                                :
      v.                        :
                                :
WILLIAM H. COSBY, JR.           :
                                :
         Defendant.             :

## AMENDED COMPLAINT

COME NOW the Plaintiffs, by and through their counsel, Joseph Cammarata, Esq., Matthew W. Tievsky, Esq., and Andrew Abraham, Esq., and hereby represent as follows:

## JURISDICTION AND PARTIES

1.    This Court has jurisdiction of the within cause of action pursuant to diversity of citizenship and the amount in controversy, 28 U.S.C. § 1332.

2.    Venue lies in the District of Massachusetts pursuant to 28 U.S.C. § 1391 in that Defendant William H. Cosby, Jr. resides in this District.

3.    Defendant Cosby is an internationally known actor and comedian.

4.    Plaintiff Tamara Green is an adult individual residing at a confidential address in California.

5.    Plaintiff Therese Serignese is an adult individual residing at a confidential address in Florida.

6.    Plaintiff Linda Traitz is an adult individual residing at a confidential address in Florida.

<u>FACTUAL BACKGROUND</u>

Plaintiffs replead and incorporate by reference herein each and every allegation set forth above and further state as follows:

**A.   <u>Plaintiff Tamara Green</u>**

7.    Plaintiff Green met Defendant Cosby in or about 1969 or 1970, through an introduction from a mutual friend.

8.    During that time, Plaintiff Green was a young and aspiring model and singer.

9.    Defendant Cosby solicited Plaintiff Green's assistance to raise money for Defendant Cosby from investors to establish a new club that Defendant Cosby intended to open.

10.   On a certain date in the early 1970s, Plaintiff Green telephoned Defendant Cosby to advise him that she was not feeling well and was unable to continue to assist him as

described in paragraph 9 above.

11. Defendant Cosby invited Plaintiff Green to meet him for lunch at Café Figaro in Los Angeles, California, telling her that she would feel better if she had something to eat.

12. While at lunch together, Defendant Cosby offered Plaintiff Green some red and grey pills, telling Plaintiff Green that they were over-the-counter cold medicine.

13. Plaintiff Green ingested the pills believing them to be what Defendant Cosby represented them to be.

14. To Plaintiff Green's surprise, within a short period of time, the pills caused Plaintiff Green to feel weak, dizzy and woozy.

15. Upon information and belief, Defendant Cosby deceived Plaintiff Green into ingesting narcotic or other type of drugs and not cold medicine.

16. Defendant Cosby intentionally drugged Plaintiff Green into this altered state, in order to facilitate his later sexual assault.

17. After feeling the effects of the drugs, lunch was ended prematurely and Defendant Cosby drove Plaintiff Green to her apartment.

18.   Once   there,   without   Plaintiff   Green's   consent,
Defendant Cosby undressed himself and Plaintiff Green. Defendant
Cosby then began to take advantage of Plaintiff Green by running
his hands all over her body, touching her breasts and vaginal
area,   and   he   digitally   penetrated   her,   while   masturbating
himself.

19.   Despite   repeated   demands   to   stop,   Defendant   Cosby
continued his assault of Plaintiff Green.

20.   Plaintiff   Green   repeatedly   told   Defendant   Cosby,
"You're going to have to kill me" in an effort to stop the
assault.

21.   It was not until Plaintiff Green was able to upend a
table lamp that Defendant Cosby stopped.

22.   During the entirety of the sexual assault, Plaintiff
Green remained weak, vulnerable and unable to fully defend her
herself.

23.   Defendant   Cosby   eventually   left   Plaintiff   Green's
apartment, leaving two $100 bills on a coffee table.

24.   Plaintiff   Green   first   widely   publicly   disclosed
Defendant Cosby's sexual assault in February of 2005, by an
interview   with   the   Philadelphia   Daily   News,   and   then   by

appearances on television shows.

25. Defendant Cosby, by and through his agent, authorized representative, lawyer, servant, and/or employee Walter M. Phillips, Jr., responded that Defendant Cosby did not know Plaintiff Green, and that Plaintiff Green's allegations were "absolutely false" and that the incident "did not happen in any way, shape, or form."  Thus by innuendo and effect, Defendant Cosby publically branded Plaintiff Green a liar.

26. At all relevant times, Phillips acted as an agent, authorized representative, lawyer, servant, and/or employee of Defendant Cosby, acting within the course and scope of his employment and/or agency.

27. On or about February 7, 2014, Newsweek published an interview of Plaintiff Green. In the interview, Plaintiff Green again detailed Defendant Cosby's sexual assault.

28. Along with that interview, Newsweek published a response attributed to "[Defendant] Cosby's publicist." Upon information and belief, the publicist was David Brokaw.

29. At all relevant times, David Brokaw acted as an agent, authorized representative, servant, and/or employee of Defendant Cosby, acting within the course and scope of his employment

and/or agency.

30.  In his response to Newsweek, in an effort to continue the public branding of Plaintiff Green as a liar, Defendant Cosby, by and through Brokaw, stated explicitly, stated in effect, stated by innuendo, implied, and/or insinuated, that Defendant Cosby's drugging and sexual assault against Plaintiff Green never occurred, and therefore that Plaintiff Green lied and was a liar. Defendant Cosby thereby continued his pattern of branding Plaintiff Green as a liar that he began in 2005.

31.  In or about November of 2014, Plaintiff Green repeated the substance of her allegations in an interview she gave to The Washington Post.  The interview was published on or about November 22, 2014.

32.  Along with that interview, The Washington Post published a response attributed to Phillips.

33.  In his response to The Washington Post, in an effort to continue the public branding of Plaintiff Green as a liar, Defendant Cosby, by and through Phillips, again stated explicitly, stated in effect, stated by innuendo, implied, and/or insinuated, that Defendant Cosby did not know Plaintiff

Green and that Defendant Cosby's drugging and sexual assault against Plaintiff never occurred, and therefore that Plaintiff lied and was a liar. Defendant Cosby thereby continued his pattern of branding Plaintiff Green as a liar that he began in 2005.

34.   Defendant Cosby has known that Plaintiff Green's allegations are true and that his attorneys', spokesperson's, and/or agents' denials are false.

35.   Brokaw and Phillips each made their denial at the direction of Defendant Cosby, and/or within the course and scope of their employment and/or agency with Defendant Cosby.

36.   Defendant Cosby's responses, by and through Brokaw and Philips, were publicized nationwide, not just through Newsweek and The Washington Post respectively, but through other publications that repeated their responses.

**B.   Plaintiff Therese Serignese**

37.   On a certain date in or about 1976, Plaintiff Serignese met Defendant Cosby in or near a gift shop at the Las Vegas Hilton.

38.   During this time, Plaintiff Serignese was an aspiring young model, who was in Las Vegas to visit her mother.

39.   At that time and place, Defendant Cosby approached Plaintiff Serignese from behind, put his arm around her, and asked, "Will you marry me?"

40.   Defendant Cosby thereafter invited Plaintiff Serignese to see his show at the Las Vegas Hilton.

41.   Plaintiff Serignese later attended the show, and at its conclusion was invited to a room backstage by Defendant Cosby.

42.   Once Defendant Cosby and Plaintiff Serignese were alone together in a room backstage, Defendant Cosby gave Plaintiff Serignese two pills, and instructed Plaintiff Serignese to ingest the pills.  Plaintiff Serignese complied.

43.   The pills put Plaintiff Serignese into an altered state of consciousness.

44.   Defendant Cosby intentionally drugged Plaintiff Serignese into this altered state, in order to facilitate his later sexual assault.

45.   Once the pills put Plaintiff Serignese into an altered state, without Plaintiff Serignese's consent, Defendant Cosby undressed himself and Plaintiff Serignese. Defendant Cosby then began to take advantage of Plaintiff Serignese sexually.

46. Defendant Cosby stood behind Plaintiff Serignese, bent her over, sexually penetrated her, and raped her.

47. During the entirety of the sexual assault, Defendant Cosby acted without Plaintiff Serignese's consent, and Plaintiff Serignese remained weak, vulnerable, and unable to fully defend herself.

48. On or about November 19, 2014, Plaintiff Serignese publicly disclosed Defendant Cosby's sexual assault.

49. On or about November 21, 2014, Defendant Cosby, by and through his agent, authorized representative, lawyer, servant, and/or employee Martin D. Singer, responded to Plaintiff Serignese's disclosure, as well as to similar accusations by multiple other women made publicly in the preceding weeks, by issuing a written defamatory response to numerous media outlets. (This defamatory statement is referred to herein as "the November 21 defamatory statement.")

50. In the November 21 defamatory statement, Defendant Cosby, by and through Singer, stated explicitly, stated in effect, stated by innuendo, implied, and/or insinuated, that Defendant Cosby's sexual assault against Plaintiff Serignese (among other women) never occurred, and therefore that

Plaintiff Serignese (among other women) lied and was a liar.

51.   At all relevant times, Singer acted as an agent, authorized representative, lawyer, servant, and/or employee of Defendant Cosby, acting within the course and scope of his employment and/or agency.

52.   Defendant Cosby has known that Plaintiff Serignese's allegations are true and that his attorneys', spokesperson's, and/or agents' denials are false.

53.   Singer made his denial at the direction of Defendant Cosby, and/or within the course and scope of his employment and/or agency with Defendant Cosby.

54.   Defendant Cosby's response, by and through Singer, was publicized nationwide.

**C.   Plaintiff Linda Traitz**

55.   In or about 1970, Plaintiff Linda Traitz was approximately 18 years old, and a waitress at Café Figaro. Through her work at the restaurant, Plaintiff Traitz became acquainted with Defendant Cosby.

56.   One day that year, while Defendant Cosby was at the restaurant, he offered a ride home to Plaintiff Traitz, which she accepted.

10

57.   Instead of driving Plaintiff Traitz home, Defendant Cosby drove with Plaintiff Traitz to a beach, where Defendant Cosby parked his car.

58.   Defendant Cosby then opened a briefcase and presented Plaintiff Traitz with an assortment of pills.   Defendant Cosby pressured Plaintiff Traitz to ingest some of the pills, "to relax," as he said.

59.   As evidenced by his previous use of pills with Plaintiff Green and Plaintiff Serignese, Defendant Cosby's offer of pills to Plaintiff Traitz was an attempt to intentionally drug Plaintiff Traitz into an altered state of consciousness, to facilitate Defendant Cosby's planned sexual assault against Plaintiff Traitz.

60.   Plaintiff Traitz declined the pills.

61.   In response, Defendant Cosby became sexually aggressive with Plaintiff Traitz, groping Plaintiff Traitz's breasts and vaginal area.   Defendant Cosby pushed Plaintiff Traitz down on the car seat, and attempted to lie on top of her. Plaintiff Traitz resisted Defendant Cosby's assault.

62.   On or about November 18, 2014, Plaintiff Traitz publicly disclosed this incident through a post she made on her

personal Facebook page.

63. On or about November 20, 2014, Defendant Cosby, by and through Singer, responded to Plaintiff Traitz's disclosure by a statement given to numerous media outlets, that Plaintiff Traitz was "the latest example of people coming out of the woodwork with unsubstantiated or fabricated stories about my client [Defendant Cosby]." Plaintiff Cosby, by and through Singer, further stated that "there was no briefcase of drugs."

64. Thus Defendant Cosby, by and through Singer, stated explicitly, stated in effect, stated by innuendo, implied, and/or insinuated, that Defendant Cosby's sexual assault against Plaintiff Traitz never occurred, and therefore that Plaintiff Traitz lied and was a liar.

65. Thereafter, Defendant Cosby, by and through Singer, issued the November 21 defamatory statement, which referred to, among others, Plaintiff Traitz.

66. In the November 21 defamatory statement, Defendant Cosby, by and through Singer, again stated explicitly, stated in effect, stated by innuendo, implied, and/or insinuated, that Defendant Cosby's sexual assault against Plaintiff Traitz (among other women) never occurred, and therefore that

Plaintiff Traitz (among other women) lied and was a liar. Defendant Cosby thereby continued his pattern of branding Plaintiff Traitz as a liar.

67. Defendant Cosby has known that Plaintiff Traitz's allegations are true and that his attorneys', spokesperson's, and/or agents' denials are false.

68. Singer made his denials at the direction of Defendant Cosby, and/or within the course and scope of his employment and/or agency with Defendant Cosby.

69. Defendant Cosby's responses, by and through Singer, were publicized nationwide.

<u>**COUNT I**</u>
(Defamation – Plaintiff Green)

Plaintiffs replead and incorporate by reference herein each and every allegation set forth above and further state as follows:

70. At all relevant times, Plaintiff Green enjoyed the respect, confidence and esteem of her neighbors, as well as others in the community.

71. Defendant Cosby's responses, by and through Brokaw, given to Newsweek on or about February 7, 2014, and by and through Phillips, given to The Washington Post on or about

13

November 22, 2014, were each defamatory.

72. Each response was false when made, in that Plaintiff Green's accusation against Defendant Cosby was true, and there was no basis to publicly claim that Plaintiff Green was lying or a liar.

73. Each response was not privileged.

74. Brokaw and Phillips, within the course and scope of their employment and/or agency with Defendant Cosby, and Defendant Cosby, by and through Brokaw and Phillips, gave each false response intentionally, with knowledge of its falsity; with reckless disregard of the truth; with negligent disregard of the truth; and/or with actual malice toward Plaintiff Green, intending to injure Plaintiff Green and to deprive her of her good name and reputation.

75. Brokaw and Phillips each knew or should have known that his respective response was false at the time of the publication.

76. Defendant Cosby knew each of the responses was false at the time of the publication.

77. Each of the responses of Defendant Cosby, by and through Brokaw and Phillips, was printed, published, circulated

14

and distributed by the news outlets to which they were made, and was widely read by Plaintiff Green's family, neighbors, friends, and diverse other persons.

78.  Defendant Cosby's responses, by and through Brokaw and Phillips, each on its face impugned Plaintiff Green's reputation, and tended to expose Plaintiff Green to public contempt, ridicule, aversion or disgrace, to induce an evil opinion of her in the minds of right-thinking persons, to cause her to be shunned or avoided, and/or to injure her in her occupation, good name, character, and reputation.

79.  Defendant Cosby's responses, by and through Brokaw and Phillips, each has directly and proximately caused Plaintiff Green damages by virtue of her loss of reputation, shame, mortification, hurt feelings, and/or damage to her property, business, trade, profession, or and/or occupation.

80.  Defendant Cosby is liable for the conduct of Brokaw and Phillips each, by virtue of *respondeat superior*.

WHEREFORE, Plaintiff Tamara Green, demands judgment of and against Defendant William H. Cosby, Jr., in an amount in excess of the minimal jurisdictional limits of the Court, in compensatory damages and punitive damages, plus pre- and post-

judgment interest, attorneys' fees, and costs.

## COUNT II

(Defamation – Plaintiff Serignese)

Plaintiffs replead and incorporate by reference herein each and every allegation set forth above and further state as follows:

81.   At all relevant times, Plaintiff Serignese enjoyed the respect, confidence and esteem of her neighbors, as well as others in the community.

82.   Defendant Cosby's response, by and through Singer, given on or about November 21, 2014, was defamatory.

83.   The response was false when made, in that Plaintiff Serignese's accusation against Defendant Cosby was true, and there was no basis to publicly claim that Plaintiff Serignese was lying or a liar.

84.   The response was not privileged.

85.   Singer, within the course and scope of his employment and/or agency with Defendant Cosby, and Defendant Cosby, by and through Singer, gave the false response intentionally, with knowledge of its falsity; with reckless disregard of the truth; with negligent disregard of the truth; and/or with actual malice

toward Plaintiff Serignese, intending to injure Plaintiff Serignese and to deprive her of her good name and reputation.

86. Singer knew or should have known that his response was false at the time of the publication.

87. Defendant Cosby knew the response was false at the time of the publication.

88. The response of Defendant Cosby, by and through Singer, was printed, published, circulated and distributed by the news outlets to which it was made, and was widely read by Plaintiff Serignese's family, neighbors, friends, and diverse other persons.

89. Defendant Cosby's response, by and through Singer, on its face impugned Plaintiff Serignese's reputation, and tended to expose Plaintiff Serignese to public contempt, ridicule, aversion or disgrace, to induce an evil opinion of her in the minds of right-thinking persons, to cause her to be shunned or avoided, and/or to injure her in her occupation, good name, character, and reputation.

90. Defendant Cosby's response, by and through Singer, has directly and proximately caused Plaintiff Serignese damages by virtue of her loss of reputation, shame, mortification, hurt

feelings, and/or damage to her property, business, trade, profession, or and/or occupation.

91.   Defendant Cosby is liable for the conduct of Singer, by virtue of *respondeat superior*.

WHEREFORE, Plaintiff Therese Serignese, demands judgment of and against Defendant William H. Cosby, Jr., in an amount in excess of the minimal jurisdictional limits of the Court, in compensatory damages and punitive damages, plus pre- and post-judgment interest, attorneys' fees, and costs.

## COUNT III
### (Defamation – Plaintiff Traitz)

Plaintiffs replead and incorporate by reference herein each and every allegation set forth above and further state as follows:

92.   At all relevant times, Plaintiff Traitz enjoyed the respect, confidence and esteem of her neighbors, as well as others in the community.

93.   Defendant Cosby's responses, by and through Singer, given on or about November 20, 2014, and on or about November 21, 2014, respectively, were each defamatory.

94.   Each response was false when made, in that Plaintiff Traitz's accusation against Defendant Cosby was true, and there

was no basis to publicly claim that Plaintiff Traitz was lying or a liar.

95. Each response was not privileged.

96. Singer, within the course and scope of his employment and/or agency with Defendant Cosby, and Defendant Cosby, by and through Singer, gave each false response intentionally, with knowledge of its falsity; with reckless disregard of the truth; with negligent disregard of the truth; and/or with actual malice toward Plaintiff Traitz, intending to injure Plaintiff Traitz and to deprive her of her good name and reputation.

97. Singer knew or should have known that each of his responses was false at the time of the publication.

98. Defendant Cosby knew each of the responses was false at the time of the publication.

99. Each of the responses of Defendant Cosby, by and through Singer, was printed, published, circulated and distributed by the news outlets to which they were made, and was widely read by Plaintiff Traitz's family, neighbors, friends, and diverse other persons.

100. Defendant Cosby's responses, by and through Singer, each on its face impugned Plaintiff Traitz's reputation, and

tended to expose Plaintiff Traitz to public contempt, ridicule, aversion or disgrace, to induce an evil opinion of her in the minds of right-thinking persons, to cause her to be shunned or avoided, and/or to injure her in her occupation, good name, character, and reputation.

101. Defendant Cosby's responses, by and through Singer, each has directly and proximately caused Plaintiff Traitz damages by virtue of her loss of reputation, shame, mortification, hurt feelings, and/or damage to her property, business, trade, profession, or and/or occupation.

102. Defendant Cosby is liable for the conduct of Singer, by virtue of *respondeat superior*.

WHEREFORE, Plaintiff Linda Traitz, demands judgment of and against Defendant William H. Cosby, Jr., in an amount in excess of the minimal jurisdictional limits of the Court, in compensatory damages and punitive damages, plus pre- and post-judgment interest, attorneys' fees, and costs.

Respectfully submitted,


/s/ Joseph Cammarata
Joseph Cammarata, Esquire
**CHAIKIN, SHERMAN, CAMMARATA &**
  **SIEGEL, P.C.**


/s/ Matthew W. Tievsky
Matthew W. Tievsky, Esquire
**CHAIKIN, SHERMAN, CAMMARATA &**
  **SIEGEL, P.C.**
The Law Building
1232 Seventeenth Street, N.W.
Washington, D.C. 20036
Ofc: (202) 659-8600
Fax: (202) 659-8680
E-mail: Joe@dc-law.net
Attorneys for Plaintiffs


/s/ Andrew Abraham
Andrew Abraham, Esquire
BBO No. 631167
**ABRAHAM & ASSOCIATES, P.C.**
2 Center  Plaza, Suite 620
Boston, MA 02108
(617) 648-4499 (phone)
(617) 648-4493 (fax)

<u>**JURY DEMAND**</u>

Plaintiffs hereby request a trial by jury as to all issues triable herein.


<u>/s/ Joseph Cammarata</u>
Joseph Cammarata, Esquire


<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this <u>5th</u> day of January, 2015, a copy of the foregoing Amended Complaint was served through the Case Management/Electronic Case Files system upon:

        Francis D. Dibble, Jr.
        Jeffrey E. Poindexter
        Bulkley Richardson & Gelinas
        1500 Main Street
        Suite 2700
        P.O. Box 15507
        Springfield, MA 01115

        Robert P. LoBue
        Patterson Belknap Webb & Tyler, LLP
        1133 Avenue of the Americas
        New York, NY 10036


<u>/s/ Joseph Cammarata</u>
Joseph Cammarata, Esquire

# EXHIBIT 2

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

TAMARA GREEN, *et al.*          )
                    Plaintiffs,  )
                                 )
v.                               )          Civil Action No.: 14-cv-30211-MGM
                                 )
WILLIAM H. COSBY, JR.,           )          **ORAL ARGUMENT REQUESTED**
                    Defendant.   )
                                 )
                                 )

## DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AS TO COUNT I (Plaintiff Green)

Defendant William H. Cosby, Jr. ("Mr. Cosby") hereby moves this Court pursuant to Fed R. Civ. P. 12(b)(6) to dismiss Count I of the Amended Complaint asserted against Mr. Cosby by Plaintiff Tamara Green ("Plaintiff Green"). As set forth more fully in William H. Cosby Jr.'s Memorandum of Law In Support of His Motions to Dismiss filed herewith, the Grounds for this motion are that Count I fails to state a claim against Mr. Cosby for which relief may be granted because:

- Any claims based on the Washington Post Statement (filed as Exhibit B to the Declaration of Martin D. Singer) are barred by the statute of limitations;

- The Newsweek Statement (filed within Exhibit A to the Declaration of Martin D. Singer) and the Washington Post Statement are constitutionally protected opinions;

- The Newsweek Statement and the Washington Post Statement lack defamatory meaning;

- The Newsweek Statement and the Washington Post Statement are protected by the privilege of self-defense; and

- Plaintiff Green has failed to adequately plead that the persons who made the Newsweek Statement and the Washington Post Statement acted with fault.

<u>REQUEST FOR ORAL ARGUMENT</u>

Mr. Cosby believes that oral argument may be of assistance to the Court and hereby requests that the Court set a date for a hearing on this motion.

<div style="margin-left: 40%;">

The Defendant,
William H. Cosby, Jr.
By His Attorneys:

PATTERSON BELKNAP WEBB & TYLER LLP

</div>

Dated:  February 27, 2015

<div style="margin-left: 40%;">

By:     /s/ Robert P. LoBue
        Robert P. LoBue
        1133 Avenue of the Americas
        New York, New York 10036
        Telephone No.: (212) 336-2000
        Facsimile No.: (212) 336-2222


BULKLEY, RICHARDSON & GELINAS, LLP

By:     /s/ Jeffrey E. Poindexter
        Francis D. Dibble, BBO No. 123220
        Jeffrey E. Poindexter, BBO No. 631922
        Bulkley, Richardson and Gelinas, LLP
        1500 Main Street, Suite 2700
        Springfield, MA  01115-5507
        Tel. (413) 272-6232
        Fax (413) 272-6806
        jpoindexter@bulkley.com

</div>

## CERTIFICATE OF SERVICE AND
## COMPLIANCE WITH LOCAL RULE 7.1(2)

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), this 27 day of February, 2015.  I further certify that Francis D. Dibble and I conferred with Plaintiffs' counsel Joseph Cammarata by telephone on February 20, 2015, and attempted in good faith to resolve and narrow the issues between the parties, but were unsuccessful.

*/s/ Robert P. LoBue*
Robert P. LoBue

1955260v1

# EXHIBIT 3

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

TAMARA GREEN, *et al.*            )
            Plaintiffs,   )
                           )
v.                        )     Civil Action No.: 14-cv-30211-MGM
                           )
WILLIAM H. COSBY, JR.,     )     **ORAL ARGUMENT REQUESTED**
            Defendant.   )
                           )
                           )

## DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AS TO COUNT II (Plaintiff Serignese)

Defendant William H. Cosby, Jr. ("Mr. Cosby") hereby moves this Court pursuant to

Fed R. Civ. P. 12(b)(6) to dismiss Count II of the Amended Complaint asserted against Mr.

Cosby by Plaintiff Therese Serignese ("Plaintiff Serignese"). As set forth more fully in William

H. Cosby Jr.'s Memorandum of Law In Support of His Motions to Dismiss filed herewith, the

Grounds for this motion are that Count II fails to state a claim against Mr. Cosby for which

relief may be granted because:

- The November 21 Statement (Exhibit D to the Declaration of Martin D. Singer and

  constituting the sole statement allegedly defamatory of Plaintiff Serignese) is a

  constitutionally protected opinion;

- The November 21 Statement lacks defamatory meaning;

- The November 21 Statement is protected by the privilege of self-defense;

- The November 21 Statement is not of and concerning Plaintiff Serignese; and

● Plaintiff Serignese has failed to adequately plead that the person who made the

November 21 Statement acted with fault.

<u>REQUEST FOR ORAL ARGUMENT</u>

Mr. Cosby believes that oral argument may be of assistance to the Court and hereby

requests that the Court set a date for a hearing on this motion.

The Defendant,
William H. Cosby, Jr.
By His Attorneys:

PATTERSON BELKNAP WEBB & TYLER LLP

Dated: February 27, 2015

By:     /s/  Robert P. LoBue
        Robert P. LoBue
        1133 Avenue of the Americas
        New York, New York 10036
        Telephone No.: (212) 336-2000
        Facsimile No.: (212) 336-2222


BULKLEY, RICHARDSON & GELINAS, LLP

By:     /s/ Jeffrey E. Poindexter
        Francis D. Dibble, BBO No. 123220
        Jeffrey E. Poindexter, BBO No. 631922
        Bulkley, Richardson and Gelinas, LLP
        1500 Main Street, Suite 2700
        Springfield, MA  01115-5507
        Tel. (413) 272-6232
        Fax (413) 272-6806
        jpoindexter@bulkley.com

<u>CERTIFICATE OF SERVICE AND</u>
<u>COMPLIANCE WITH LOCAL RULE 7.1(2)</u>

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), this 27 day of February, 2015.  I further certify that Francis D. Dibble and I conferred with Plaintiffs' counsel Joseph Cammarata by telephone on February 20, 2015, and attempted in good faith to narrow or resolve the issues between the parties, but were unsuccessful.


*/s/ Robert P. LoBue*
Robert P. LoBue

1955584v1

3

# EXHIBIT 4

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | | |
|---|---|---|
| TAMARA GREEN, *et al.* | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 14-cv-30211-MGM |
| | ) | |
| WILLIAM H. COSBY, JR., | ) | **ORAL ARGUMENT REQUESTED** |
| Defendant. | ) | |
| | ) | |
| | ) | |

## DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AS TO COUNT III (Plaintiff Traitz)

Defendant William H. Cosby, Jr. ("Mr. Cosby") hereby moves this Court pursuant to Fed R. Civ. P. 12(b)(6) to dismiss Count III of the Amended Complaint asserted against Mr. Cosby by Plaintiff Linda Traitz ("Plaintiff Traitz"). As set forth more fully in William H. Cosby Jr.'s Memorandum of Law In Support of His Motions to Dismiss filed herewith, the Grounds for this motion are that Count III fails to state a claim against Mr. Cosby for which relief may be granted because:

- The November 20 Statement and November 21 Statement (filed as Exhibits D and F to the Declaration of Martin D. Singer and constituting the sole statements allegedly defamatory of Plaintiff Traitz) are constitutionally protected opinions;

- The November 20 Statement and November 21 Statement lack defamatory meaning;

- The November 20 Statement and November 21 Statement are protected by the privilege of self-defense;

- The November 20 Statement and November 21 Statement are substantially true as to

  Plaintiff Traitz and Plaintiff Traitz has suffered no incremental harm;

- The November 21 Statement is not of and concerning Plaintiff Traitz; and

- Plaintiff Traitz has failed to adequately plead that the person who made the November

  20 Statement and the November 21 Statement acted with fault.

<u>REQUEST FOR ORAL ARGUMENT</u>

Mr. Cosby believes that oral argument may be of assistance to the Court and hereby

requests that the Court set a date for a hearing on this motion.

The Defendant,
William H. Cosby, Jr.
By His Attorneys:

PATTERSON BELKNAP WEBB & TYLER LLP

Dated: February 27, 2015

By:     /s/ Robert P. LoBue
        Robert P. LoBue
        1133 Avenue of the Americas
        New York, New York 10036
        Telephone No.: (212) 336-2000
        Facsimile No.: (212) 336-2222

BULKLEY, RICHARDSON & GELINAS, LLP

By:     /s/ Jeffrey E. Poindexter
        Francis D. Dibble, BBO No. 123220
        Jeffrey E. Poindexter, BBO No. 631922
        Bulkley, Richardson and Gelinas, LLP
        1500 Main Street, Suite 2700
        Springfield, MA  01115-5507
        Tel. (413) 272-6232
        Fax (413) 272-6806
        jpoindexter@bulkley.com

2

<u>CERTIFICATE OF SERVICE AND</u>
<u>COMPLIANCE WITH LOCAL RULE 7.1(2)</u>

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), this 27 day of February, 2015.  I further certify that Francis D. Dibble and I conferred with Plaintiffs' counsel Joseph Cammarata by telephone on February 20, 2015, and attempted in good faith to resolve or narrow the issues between the parties, but were unsuccessful.


*/s/ Robert P. LoBue*
Robert P. LoBue

1955594v1

3

# EXHIBIT 5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

***************************

TAMARA GREEN et al,
          Plaintiffs

vs.                                Case No. 3:14-cv-30211-MGM

WILLIAM H. COSBY, JR.,
          Defendant

***************************

TRANSCRIPT OF MOTION HEARING
BEFORE THE HONORABLE DAVID H. HENNESSY
AT WORCESTER, MASSACHUSETTS
ON MAY 7, 2015

APPEARANCES:

For the Plaintiffs:
Joseph Cammarata, Esquire
Chaikin, Sherman, Cammarata & Siegel, PC
1232 Seventeenth Street, NW
Washington, DC 20036
202-659-8600

For the Defendant:
Robert LoBue, Esquire
Patterson Belknap Webb & Tyler, LLP
1133 Avenue of the Americas
New York, New York 10036
212-336-2596

Transcriber:  Karen M. Aveyard,
              Approved Federal Court Transcriber

-------------------------------------------------------

**TRANSCRIPTION PLUS**
**1334 ELM STREET**
**LEOMINSTER, MASSACHUSETTS 01453**
**(978) 466-9383**
**www.transcriptionplus.com**

2

APPEARANCES (continued):

For the Defendant:
Francis Dibble, Jr., Esquire
Jeffrey E. Poindexter, Esquire
Bulkley Richardson & Gelinas
1500 Main Street, Suite 2700
P.O. Box 15507
Springfield, Massachusetts 01115
413-272-6246

1   If we get those documents and have access to those limited

2   documents, that would provide us with an opportunity to close

3   that perceived-by-the-defendant gap in our allegations and

4   assist us in preventing what may be a detrimental impact by a

5   lack of having that closure in that allegation.

6        I don't have anything further unless your Honor has a

7   specific question.

8        THE COURT:  No.  Thank you.

9        MR. CAMMARATA:  Thank you very much, your Honor.

10       THE COURT:  I do want to keep the case moving now that

11  it's been assigned to me.  Let's take a short break and I'll

12  come back and address the parties.  Five minutes.

13       (There was a break in the audio.)

14       THE CLERK:  Resuming in the case of Green versus

15  Cosby.

16       THE COURT:  Okay.  I'm going to do two things in this

17  case.  I'm going to rule on the motion, and I do want to set a

18  date for a scheduling conference in this matter, and I'll take

19  that up after I issue a brief ruling from the bench.

20       This is a case brought by three plaintiffs against

21  William Cosby.  The allegations are defamation.  Essentially,

22  the allegations are that Mr. Cosby sexually assaulted each of

23  the plaintiffs on a separate occasion and then defamed the

24  plaintiffs when he or one of his agents issued a number of

25  statements, I think there are four of them, denying their

1    accusations, thereby branding them liars.

2              Procedurally there has been -- the plaintiffs have

3    been permitted to amend their complaint.  There has now been

4    briefings submitted on a motion directed to the amended

5    complaint to dismiss that complaint, and Judge Mastroianni has

6    scheduled a hearing on the motion to dismiss the amended

7    complaint on June 9th in Springfield.  There has not been a

8    Rule 20 -- the parties have not participated in a Rule 26(f)

9    conference in this case.

10             The plaintiffs are moving to subpoena documents in a

11   case from the Eastern District of Pennsylvania that at a

12   minimum is protected by a confidentiality agreement, and to the

13   extent that those documents that are protected by the

14   confidentiality agreement are with the court, they would be

15   under seal, presumably.  The plaintiffs have limited their

16   request to only those documents or statements that relate to

17   the three plaintiffs in this case.  It's not a request to

18   entirely open that case.

19             The standard in this case under Federal Rule of Civil

20   Procedure 26(d), a party may not seek discovery from any source

21   before the parties have conferred, as required by Rule 26(f),

22   and in order to obtain expedited discovery, in other words as

23   an exception to Rule 26(d) before the 26(f) conference, a party

24   must show good cause.  Federal Rule of Civil Procedure 26(b)(1)

25   states that for good cause, the court may order discovery of

1    any matter relevant to the subject matter in the action.

2           The parties agree on what the standard for good cause

3    is.  The factors were set out in, among other decisions, McMann

4    versus Doe, a decision in another session of this district from

5    2006.  The standard is determined -- the showing of good cause

6    is determined by examining the reasonableness of the requests

7    in light of all the surrounding circumstances, and the

8    circumstances to which the courts have looked include the

9    following:  The purpose of the discovery, the ability of the

10   discovery to preclude demonstrated irreparable harm,

11   plaintiff's likelihood of success on the merits, the burden of

12   discovery on the defendant, the degree of prematurity, and of

13   course that list is not exhaustive.  There may be other

14   circumstances that bear on whether good cause has been shown.

15          The filing of a motion to dismiss, as we have in this

16   case, does not automatically stay discovery, nor am I aware of

17   any case where that filing means that a party moving for

18   expedited discovery cannot show good cause.

19          So that's the standard.  I applied them to the

20   information as it has been presented here.  I want to make

21   clear what's not at issue here.  I'm not making a decision on

22   the potential relevance of these documents should they be

23   sought at some other time.  I'm not making a decision on the

24   admissibility of evidence, if it exists, under Federal Rule of

25   Evidence 415.  I'm deciding a very narrow issue and that is

1    whether the plaintiffs in this case have carried their burden

2    of showing good cause for expedited discovery, and I find

3    that -- well, it's a closer call.  I find that they have not

4    met their burden.

5            The first thing that I look to is the purpose of the

6    discovery and the plaintiffs seem to be moving around a little

7    bit on this.  In some instances they're saying it's critical to

8    the motion to dismiss and at other times it's needed to allow

9    them to make a motion for leave to supplement their allegations

10   and file, I guess, a further amended complaint.

11           With respect to the motion to dismiss, I find it

12   unpersuasive.  As I indicated, the standard on a motion to

13   dismiss requires that a court take the allegations in a

14   complaint as true and take all reasonable inferences in favor

15   of the plaintiff that can be drawn from those facts.  And there

16   are very limited exceptions as to when a court can consider

17   other documents, and they tend to be, on a motion to dismiss,

18   documents where there's no dispute about their authenticity,

19   when they are central to the claim.

20           For instance, in one of the cases that was cited,

21   Fudge versus Penthouse, the allegation in that case was that an

22   article that was printed by Penthouse magazine was libelous of

23   the young plaintiffs on whose behalves the suit had been

24   brought.  The court considered the article.  That's an

25   appropriate instance for considering a document that is not

1    actually in the complaint, but is referenced in the complaint

2    or is central to it.  Other cases might be where there's a

3    contract that is central to the allegation or where there's an

4    ordinance or a local law that is central to the allegation.  A

5    court can look at those in deciding the motion to dismiss.  I

6    don't find that the documents that the plaintiffs believe may

7    exist and that they would find fall into those categories and

8    I'm not persuaded that the documents, therefore, could be

9    considered on a motion to dismiss.

10           The second factor is the ability of the discovery to

11    preclude demonstrated irreparable harm.  First of all, I'm not

12    satisfied that there's demonstrated irreparable harm.  We're

13    talking about allegedly defamatory statements that have been

14    made and there is a complaint that has been filed in this case,

15    and I don't find the discovery that's being sought to be

16    relevant to that or somehow precluding it.  As I indicated, I'm

17    not sure -- I'm not persuaded that there is demonstrated

18    irreparable harm in this case.

19           There's a question of the plaintiffs' likelihood of

20    success on the merits.  The plaintiffs, in their filing, refer

21    to the Court to the merits of the motion to dismiss and I

22    suppose that provides some barometer as to likelihood of

23    success on the merits.  On the other hand, the motion to

24    dismiss is directed to the sufficiency of the amended complaint

25    in this case and not to the overall case.  So I'm not persuaded

1    that -- that's a factor that seems to go either way.  I mean,

2    both parties are indicating that they feel they have a strong

3    case.  I don't find that factor as either supporting or not

4    supporting the motion.

5          There's the burden on the defendant.  It's a light

6    burden.  Certainly, when you consider the fact that the

7    documents are being sought from another source in this case, a

8    third party, however, there is some burden because it does

9    implicate privacy rights of the parties that were involved in

10    the prior litigation.

11          Finally, there's the degree of prematurity.  There is

12    a motion pending to dismiss, but that does not make the -- that

13    does not mean the plaintiffs cannot show good cause.

14          There are other factors that other courts have

15    considered.  One of the cases mentioned was Semitool versus

16    Tokyo Electronics.  As Mr. Cammarata points out, there the

17    court permitted at least some, not all, expedited discovery

18    that had been requested, and it was done so that the parties

19    could comply with a local patent rule and thereby conserve

20    judicial and litigation resources.  But here that argument has

21    not been made.  There has not been a showing as to how the

22    expedited production of these documents, assuming that they

23    exist, would conserve judicial or litigation resources.

24          This is a case where there's no motion for injunctive

25    relief right now, a factor that has been considered by courts

1    in also determining whether or not a plaintiff has established

2    good cause.

3         Again, as I indicated, I think it's a close call, but

4    it's the plaintiffs' burden, and on my view of what has been

5    presented, the plaintiffs have failed to carry that burden and

6    establish that there is good cause, and so I am going to deny

7    the motion.

8         One of the things that Mr. Cammarata mentioned also is

9    right on target, Federal Rule of Evidence 16(b)(2) requires

10   this Court to issue a scheduling order as soon a practicable,

11   but not more than 120 days after the defendant has been served

12   with the complaint or 90 days after the defendant has appeared.

13   I think the parties are generally in agreement that the

14   defendant has appeared in this case in or around December and

15   90 days from that would take us to sometime in March, and we're

16   beyond that date.

17        And I do think it's appropriate for the case to, as

18   all cases before this Court, that they need to move along.

19   There was some delay in this case because the Magistrate Judge

20   to whom the case was originally assigned had to recuse herself

21   and that is how this part of the case is in the Worcester

22   Session.  What I would like to do, and what I intend to do, is

23   issue an order that will identify for the parties the matters

24   that I would expect them to address at the scheduling

25   conference, and what I think I'll do on a date is to set it

# EXHIBIT 6

# UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS
### WESTERN DIVISION

| | | |
|---|---|---|
| TAMARA GREEN, *et al.* | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 14-cv-30211-MGM |
| | ) | |
| WILLIAM H. COSBY, JR., | ) | **ORAL ARGUMENT REQUESTED** |
| Defendant. | ) | |
| | ) | |
| | ) | |

## WILLIAM H. COSBY, JR.'S MOTION TO STAY DISCOVERY

Defendant William H. Cosby, Jr. ("Mr. Cosby") hereby moves this Court

pursuant to Fed R. Civ. P. 26(c)(1) to stay discovery in the above captioned action until after the

disposition of the pending Motions to Dismiss the Amended Complaint. As set forth more fully

in William H. Cosby Jr.'s Memorandum of Law In Support of His Motions to Stay Discovery

filed herewith, the Grounds for this motion are that:

- Motions to Dismiss are pending as to each of the three Plaintiffs' claims, and

the Motions may dispose of all or some of those claims, thus rendering discovery either

completely or partially unnecessary;

- the claims made by each of the three Plaintiffs are based on separate factual

allegations so that discovery taken on any claim that is then dismissed likely will be wasteful as

discovery topics may be sharply curtailed if any part of any Motion to Dismiss is granted;

- each claim in this case is for defamation, Mr. Cosby has sought to dismiss the

claims for reasons that include that the statements at issue were constitutionally protected

opinions, and permitting discovery before the Motions to Dismiss are resolved would chill the exercise of constitutionally protected speech;

&bull; the Motions to Dismiss have been fully briefed and are scheduled for argument, so any delay in the commencement of discovery would be brief;

&bull; discovery prior to resolution of the Motions to Dismiss would burden Mr. Cosby and third parties to this matter, all of whose privacy interests are implicated by a discovery request Plaintiffs have made already; and

&bull; a delay in initiating discovery will not impose any burden on Plaintiffs, who have articulated no need or purpose for discovery at this time.

<u>REQUEST FOR ORAL ARGUMENT</u>

Mr. Cosby believes that oral argument may be of assistance to the Court and hereby requests that the Court set a date for a hearing on this motion.

Dated: May 29, 2015

PATTERSON BELKNAP WEBB & TYLER LLP

By:   /s/ Robert P. LoBue
      Robert P. LoBue
      1133 Avenue of the Americas
      New York, New York 10036
      Telephone No.: (212) 336-2000
      Facsimile No.: (212) 336-2222

2

BULKLEY, RICHARDSON & GELINAS, LLP

By:      /s/ Francis D. Dibble, Jr.
         Francis D. Dibble, Jr.
         Jeffrey E. Poindexter
         1500 Main Street, Suite 2700
         Springfield, Massachusetts 01115
         Telephone: (413) 781-2820
         Fax: (413) 272-6806

*Attorneys for the Defendant William H. Cosby, Jr.*

<u>CERTIFICATE OF SERVICE AND
COMPLIANCE WITH LOCAL RULES 7.1(2) and 37.1</u>

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), this 29th day of May, 2015.  I further certify that Robert P. LoBue and I conferred with Plaintiff's counsel Joseph Cammarata by telephone on May 26, 2015, for approximately 45 minutes, and attempted in good faith to resolve or narrow the issues between the parties. The parties reached agreement on most discovery completion deadlines, but were unsuccessful at resolving the issue presented in this motion.

/s/ Francis D. Dibble, Jr.
Francis D. Dibble, Jr.

2035603v1

# EXHIBIT 7

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Massachusetts

| | |
|---|---|
| Tamara Green, et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| William H. Cosby, Jr. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.  3:14-cv-30211-MGM

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                               Dolores Troiani

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:Any and all documents which concern or relate to any one or more of the following persons: Tamara Green, Therese Serignese, Linda Traitz.

| Place: Dennis Richman's Services For the Professional, Inc., 1500 JFK Blvd., Suite 1706, Philadelphia, PA 19102. See also Attachment A. | Date and Time: 06/05/2015 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 5-28-15

| CLERK OF COURT | | |
|---|---|---|
| _____ | OR | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Tamara Green, Therese Serignese, Linda Traitz _____ , who issues or requests this subpoena, are:

Joseph Cammarata, 1232 17th Street NW, Washington, D.C., 20036, joe@dc-law.net, (202) 659-8600

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:14-cv-30211-MGM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
   (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
   (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
   (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
   (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
   (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS
Western Division

TAMARA GREEN, et al.                          :
                                              :
                 Plaintiffs,                  :   Case No. 3:14-cv-30211-MGM
                                              :
        v.                                    :
                                              :
WILLIAM H. COSBY, JR.                         :
                                              :
                 Defendant.                   :

## ATTACHMENT A TO SUBPOENA TO DOLORES TROIANI

If you (the subject of the subpoena) would agree to do so, it is requested that you deliver

the documents requested in the subpoena, by mail or e-mail to Plaintiffs' counsel's office in

Washington, D.C, by the return date on the subpoena, in lieu of appearing in person at the return

location listed on the subpoena.

                              Respectfully submitted,

                              CHAIKIN, SHERMAN, CAMMARATA
                              & SIEGEL, P.C.


                              Joseph Cammarata, Esquire
                              1232 17th Street, N.W.
                              Washington, D.C. 20036
                              Tel: (202) 659-8600
                              Fax: (202) 659-8680
                              Tievsky@dc-law.net
                              *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of <u>May</u>, 2015, a copy of the foregoing Subpoena to Dolores Troiani with Attachment A was sent via e-mail and mailed first class, postage pre-paid to:

Francis D. Dibble, Jr.
Jeffrey E. Poindexter
Bulkley Richardson & Gelinas
1500 Main Street
Suite 2700
P.O. Box 15507
Springfield, MA 01115

Robert P. LoBue
Patterson Belknap Webb & Tyler, LLP
1133 Avenue of the Americas
New York, NY 10036

Joseph Cammarata

# EXHIBIT 8

**Ginsberg, Melissa (x2153)**

| | |
|---|---|
| **From:** | Dolores M. Troiani <dmt@TGLawoffice.com> |
| **Sent:** | Thursday, May 28, 2015 4:25 PM |
| **To:** | Schmitt, John P. (x2849) |
| **Attachments:** | cosby-Subpoena_20150528122459.pdf |

Jack

Attached please find a subpoena served on me today.  According to the agreement, you have five business days to object but must file the objection and provide me with notice thereof by no later than June 3 as the subpoena requires my compliance on June 5.

DOLORES M. TROIANI, ESQUIRE
TROIANI & GIBNEY, LLP
1171 Lancaster Avenue, Suite 101
Berwyn, PA 19312
Phone:   610-688-8400
Fax:        610-688-8426
E-Mail:   dmt@tglawoffice.com

ATTENTION: This e-mail and any attachments to it may contain PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the addressee.  If you are not the intended recipient or an agent or employee responsible for delivering this e-mail to the intended recipient, you are hereby notified that any dissemination or copying of this document or the information contained therein is strictly prohibited. If you have received this e-mail in error, please notify us immediately by telephone at (610) 688-8400 and delete this e-mail from your computer.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Massachusetts

| | | |
|---|---|---|
| Tamara Green, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:14-cv-30211-MGM |
| William H. Cosby, Jr. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    Dolores Troiani

_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents which concern or relate to any one or more of the following persons: Tamara Green, Therese Serignese, Linda Traitz.

| Place: Dennis Richman's Services For the Professional, Inc., 1500 JFK Blvd., Suite 1706, Philadelphia, PA 19102. See also Attachment A. | Date and Time: 06/05/2015 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 5-28-15

| CLERK OF COURT | | OR | |
|---|---|---|---|
| _____ | | | _____ |
| *Signature of Clerk or Deputy Clerk* | | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Tamara Green, Therese Serignese, Linda Traitz _____, who issues or requests this subpoena, are:

Joseph Cammarata, 1232 17th Street NW, Washington, D.C., 20036, joe@dc-law.net, (202) 659-8600

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:14-cv-30211-MGM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                  _____
                                                                                                *Server's signature*

                                                                          _____
                                                                                              *Printed name and title*


                                                                          _____
                                                                                                *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MASSACHUSETTS
### Western Division

**TAMARA GREEN, et al.**    :
          :
    Plaintiffs,    : Case No. 3:14-cv-30211-MGM
          :
  v.         :
          :
**WILLIAM H. COSBY, JR.**   :
          :
    Defendant.   :

## ATTACHMENT A TO SUBPOENA TO DOLORES TROIANI

  If you (the subject of the subpoena) would agree to do so, it is requested that you deliver the documents requested in the subpoena, by mail or e-mail to Plaintiffs' counsel's office in Washington, D.C, by the return date on the subpoena, in lieu of appearing in person at the return location listed on the subpoena.

      Respectfully submitted,

      **CHAIKIN, SHERMAN, CAMMARATA**
      **& SIEGEL, P.C.**

      Joseph Cammarata, Esquire
      1232 17th Street, N.W.
      Washington, D.C. 20036
      Tel: (202) 659-8600
      Fax: (202) 659-8680
      Tievsky@dc-law.net
      *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of May, 2015, a copy of the foregoing Subpoena to Dolores Troiani with Attachment A was sent via e-mail and mailed first class, postage pre-paid to:

Francis D. Dibble, Jr.
Jeffrey E. Poindexter
Bulkley Richardson & Gelinas
1500 Main Street
Suite 2700
P.O. Box 15507
Springfield, MA 01115

Robert P. LoBue
Patterson Belknap Webb & Tyler, LLP
1133 Avenue of the Americas
New York, NY 10036

Joseph Cammarata