IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TAMARA GREEN, et al.** | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : Case No. 15-MC-144-JP |
| | : |
| **WILLIAM H. COSBY, JR.** | : |
| | : |
| Defendant. | : |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO SANCTION DEFENSE COUNSEL FOR FILING DEFENDANT'S MOTION FOR LEAVE TO TAKE DISCOVERY REGARDING A POTENTIAL VIOLATION OF THIS COURT'S ORDER**

COME NOW the Plaintiffs, by and through their counsel, and hereby submit the following Memorandum in Support of Motion to Sanction Defense Counsel for Filing Defendant's Motion for Leave to Take Discovery Regarding a Potential Violation of this Court's Order.

The "Background" section of Plaintiffs' Memorandum in Opposition to the Motion for Leave provides the necessary factual background to the instant Motion for Sanctions. Furthermore, that Memorandum explains how the Motion for Leave is frivolous. Herein, Plaintiffs explain that defense counsel's conduct merits sanctions, because the Motion for Leave is a bad faith attempt to hijack this limited action regarding a subpoena, and transform it into a mechanism to investigate an alleged breach of Defendant Cosby's 2006 Settlement Agreement with Andrea Constand ("the Settlement Agreement").

The Motion for Leave is premised upon a misrepresentation of this Court's June 11, 2015 Order ("the June 11 Order"). This misrepresentation was not a good faith mistake. As explained in the Opposition to the Motion for Leave, the June 11 Order plainly did not require Dolores Troiani, Esquire, to do anything, including keep confidential Defendant Cosby's deposition transcript. Undersigned counsel, Joseph Cammarata, Esquire, sent a letter to defense counsel, calling attention to this fact. Defendant Cosby nevertheless chose to proceed forward with his attempt to hijack this proceeding, to repurpose it to his own ends.

If the proposed discovery belonged in any pending action, it would be in *Constand v. Cosby*, U.S. District Court for the Eastern District of Pennsylvania, Case No. 05-01099 ("the *Constand* action") (although under *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994), it is unlikely that the discovery even belongs in that action). In this limited collateral action, it is inappropriate for Defendant Cosby to seek discovery that is only related to a totally different matter.

Defendant Cosby's Motion for Leave has been filed in bad faith. This is true whether Defendant Cosby's motive is to harass or intimidate Plaintiffs' counsel by issuing discovery directly to them (as defense counsel, Patrick J. O'Connor, Esquire, has implied he intends to do, *Exhibit C* to the Opposition to Motion

for Leave); to judge-shop by avoiding the presiding Judge Eduardo C. Robreno in the *Constand* action;[1] to unnecessarily complicate and slow down this proceeding; and/or to save himself (Defendant Cosby) the inconvenience of properly filing a new action for the alleged breach of the Settlement Agreement.

Defendant Cosby's Motion for Leave has forced Plaintiffs to expend time and effort to file an Opposition to the Motion for Leave, which should never have been necessary.  Furthermore, Defendant Cosby's Motion for Leave seeks to needlessly and tremendously complicate this limited collateral action.

Sanctions are appropriate under 28 U.S.C. § 1927, as well as the substantially similar Local Rule 83.6.1.  *See Roberts v. Lyons*, 131 F.R.D. 75, 78 (E.D. Penn. March 6, 1990) (comparing the two rules).[2]  28 U.S.C. § 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Local Rule 83.6.1 states, in relevant part:

> (b) No attorney . . . shall present to the Court vexatious motions or vexatious opposition to motions or shall fail to prepare for presentation to the

---

[1] On July 6, 2015, Judge Robreno ruled against Defendant Cosby in the *Constand* action, by ordering that all papers filed in the *Constand* action have not been, and are not, subject to any judicial seal.  This includes portions of Defendant Cosby's deposition transcript that were previously filed in the *Constand* action.
[2] Local Rule 83.6.1 was codified as Local Rule 19 when *Roberts* was decided.

3

Court, or shall otherwise so multiply the proceedings in a case as to increase unreasonably and vexatiously the costs thereof.

(c) Any attorney who fails to comply with (a) or (b) may be disciplined as the Court shall deem just.

In *In re: Prudential Insurance Co. America Sales Practice Litigation Agent Actions*, 278 F.3d 175 (3d Cir. 2002), the Third Circuit explained that "the principal purpose of imposing sanctions under 28 U.S.C. § 1927 is the deterrence of intentional and unnecessary delay in the proceedings." *Id.* at 188 (quoting *Zuk v. Eastern Pennsylvania Psychiatric Institute*, 103 F.3d 294, 297 (3d Cir. 1996)). Such improper conduct includes, *e.g.*, the filing of a frivolous motion that wastes the time and resources of the opposing party and the Court. *See id.* at 190.

The Third Circuit further explained:

> As is evident from the text of the statute, § 1927 requires a court to find an attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings;  and (4) doing so in bad faith or by intentional misconduct. *Williams v Giant Eagle Markets, Inc.* 883 F.2d 1184, 1191 (3rd Cir. 1989). Before a court can order the imposition of attorneys' fees under § 1927, it must find willful bad faith on the part of the offending attorney." *Zuk*, 103 F.3d at 297. "Indications of this bad faith are findings that the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment." *Smith v. Detroit Fed'n of Teachers Local 231, Am. Fed. of Teachers, AFL-CIO*, 829 F.2d 1370, 1375 (6th Cir. 1987).

*Id.* at 188. This Court also has held that bad faith can be inferred where a party pursues a clearly frivolous claim. *Johnson v. SmithKline Beecham Corp.*, 2015 U.S. Dist. LEXIS 28210, *20 (E.D. Penn. March 9, 2015).

The conduct of defense counsel here merits sanctions under § 1927 and Local Rule 83.6.1, as similar cases demonstrate. For example, in *Sutton v. American Federation of State, County and Municipal Workers, Local 1510*, 1997 U.S. Dist. LEXIS 778 (E.D. Penn. January 29, 1997), defense counsel filed a petition for contempt, charging certain non-parties with violating a previous court order that plainly did not govern those non-parties. Notwithstanding that defense counsel withdrew the petition within days, this Court imposed monetary sanctions under § 1927 because defense counsel had blatantly misinterpreted the court order.

In *Shepherd v. Wellman*, 313 F.3d 963, 969-70 (6th Cir. 2002), the Sixth Circuit affirmed a sanctions award under § 1927, where counsel served discovery requests unrelated to the underlying action. The court construed "'vexatiously multiplying proceedings' to include conduct where 'an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of non-frivolous claims.'" *Id.* at 969 (quoting *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986)).

And, in *Roberts*, *supra*, 131 F.R.D. 75, this Court found a

violation of § 1927 and Local Rule 83.6.1 where plaintiff's counsel was guilty of "overdiscovery" by filing unnecessary motions for discovery sanctions.  (Weeks later, the Court declined to impose monetary sanctions because the aggrieved party withdrew its request for that relief, but the Court still sanctioned offending counsel with a reprimand.  131 F.R.D. 75 (E.D. Penn. March 26, 1997).)

Even assuming *arguendo* that the Court finds that § 1927 and Local Rule 83.6.1 do not authorize sanctions here, the Court can and should sanction defense counsel pursuant to its own inherent authority.  This Court has the inherent power to sanction attorney conduct in order to protect the integrity of the Court.  *In re Prudential*, 278 F.3d at 188.  "Circumstances that may justify sanctions pursuant to a court's inherent power include 'cases where a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'"  *Id.* at 189 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991)).  Even in the absence of bad faith, the Court has the inherent power to sanction offending counsel.  *Id.* at 181 n.4.

Under the foregoing authorities, Plaintiffs request that the Court sanction defense counsel, to compensate Plaintiffs and to deter defense counsel from again attempting to misuse the judicial process for Defendant Cosby's private purposes.  Specifically, Plaintiffs ask that the Court compel defense counsel to compensate

Plaintiffs' counsel for attorney's fees incurred in litigating the Opposition to the Motion for Leave, and the Motion to Sanction, and that the Court impose such other sanctions as it deems appropriate.

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to Sanction Defense Counsel for Filing Defendant's Motion for Leave to Take Discovery Regarding a Potential Violation of this Court's Order.

Respectfully submitted,

*/s/ Joseph Cammarata*
**CHAIKIN, SHERMAN, CAMMARATA & SIEGEL, P.C.**
The Law Building
1232 Seventeenth Street, N.W.
Washington, D.C. 20036
Ofc: (202) 659-8600
Fax: (202) 659-8680
E-mail: Joe@dc-law.net

*/s/ Robert L. Sachs, Jr.*
**SHRAGER, SPIVEY & SACHS**
2005 Market Street
Suite 2300
Philadelphia, PA 19103
(215) 568-7771
rsachs@shragerlaw.com
Attorneys for Plaintiffs