IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMARA GREEN, et al. | FILED | MISCELLANEOUS ACTION |
| v. | SEP -4 2015 | |
| WILLIAM H. COSBY, JR. | MICHAEL E. KUNZ, Clerk<br>By _____ Dep. Clerk | NO. 15-144 |

ORDER-MEMORANDUM

AND NOW, this 4th day of September, 2015, upon consideration of Defendant's Motion for Leave to Take Discovery Regarding a Potential Violation of this Court's June 11, 2015 Order (Docket No. 10), Andrea Constand's Motion to Intervene as of Right Pursuant to Fed. R. Civ. P. 24(a)(2) (Docket No. 12), and the Responses to both of those Motions, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion for Leave to Take Discovery is **DENIED**.

2. Andrea Constand's Motion to Intervene is **DISMISSED** as moot insofar as it seeks leave to intervene and **DENIED** insofar as it seeks attorney's fees and costs.

On June 2, 2015, Defendant William H. Cosby commenced the instant miscellaneous action with the filing of a motion to quash a subpoena that the plaintiffs in a Massachusetts action against Defendant had issued to Philadelphia lawyer Delores H. Troiani, Esq. See Green v. Cosby, Civ. A. No. 14-30211 (D. Mass.) (the "Green Case"). The subpoena commanded Ms. Troiani to turn over to counsel for the Green plaintiffs any documents concerning the Green plaintiffs that Ms. Troiani had in her possession due to her representation of Andrea Constand in a prior action against Defendant in the Eastern District of Pennsylvania. See Constand v. Cosby, Civ. A. No. 05-1099 (E.D. Pa.) (the "Constand Case"). In the Motion to Quash, Defendant argued that documents that the subpoena sought were covered by a confidentiality provision in the Constand settlement agreement and that Ms. Troiani was therefore prohibited from producing them in response to the subpoena. Before we reached the merits of Defendant's arguments regarding the confidentiality of

the subpoenaed documents in the Motion to Quash, the Massachusetts court stayed all discovery in the Green Case pending the court's decision on a motion to dismiss that Defendant had filed in that case. In light of that stay, the parties to the instant action requested that we "hold the Motion to Quash Subpoena in abeyance, unless and until the Massachusetts court lifts the stay of discovery." (June 10, 2015 letter, Docket No. 6.) In response to that joint request, on June 11, 2015, we entered an Order, in the language proposed by the parties, holding the Motion to Quash in abeyance.

On July 18, 2015, *The New York Times* published an article in which it stated that it had obtained Defendant's deposition transcript in the Constand Case, which was publicly available through a court reporting service, and it reported on the contents of that deposition. Six days later, on July 24, 2015, Defendant filed the instant Motion for Leave to Take Discovery Regarding a Potential Violation of this Court's June 11, 2015 Order. Defendant asserts in the Motion that Ms. Troiani may have been involved in the court reporting service's release of the deposition transcript to *The New York Times*, and he argues that any such involvement would have constituted a violation of this Court's June 11, 2015 Order. Defendant therefore seeks discovery designed to determine whether Ms. Troiani did, in fact, play any role in the release of the transcript to the media. Notably, Defendant has also filed a motion in the Constand Case, in which he argues, inter alia, that Ms. Constand and Ms. Troiani have breached the Constand confidentiality agreement by failing to use their best efforts to ensure that the court reporting service kept the deposition transcript confidential. (See Motion Regarding Plaintiff's Breaches of the Parties' Confidential Settlement Agreement, Constand, Civ. A. No. 05-1088 (E.D. Pa. July 25, 2015), ECF No. 114.)

In addressing Defendant's request for discovery, we cannot accept Defendant's underlying and essential premise that our June 11, 2015 Order regulates what Ms. Troiani does with the Constand documents outside of the context of the Green plaintiffs' subpoena. The scope of our Order is limited not only by its wording but also by the context of the subpoena. As Defendant's

2

recent filing in the Constand Case makes clear, the essential limitations on what Ms. Troiani may do with regard to the Constand documents are set forth in the Constand settlement agreement and not in our June 11, 2015 Order. On its face, our June 11, 2015 Order did nothing more than hold in abeyance Defendant's Motion to Quash the subpoena that the Green plaintiffs served on Ms. Troiani in light of the Massachusetts court's stay of discovery, and cannot be read to regulate Ms. Troiani's conduct, if any, in connection with a third party's release of Constand documents to the media or to give Ms. Troiani notice of any such regulation. We therefore cannot conclude that Ms. Troiani's involvement, if any, in the recent release of Defendant's Constand deposition transcript to *The New York Times* would constitute a violation of our June 11, 2015 Order, whether or not it violated the parties' confidentiality agreement. Accordingly, Defendant may not probe the circumstances of that release through discovery in this miscellaneous proceeding, and we deny Defendant's Motion for Leave to Take Discovery.

We also have before us Ms. Constand's Motion to Intervene, in which Ms. Constand asks that she be permitted to intervene in this case to (1) oppose Defendant's Motion for Leave to Take Discovery, and (2) conduct her own discovery if we permit Defendant to engage in the discovery that he has requested. However, given our denial of Defendant's Motion without the need for Ms. Constand's intervention, we dismiss the Motion to Intervene as moot. We likewise exercise our discretion to deny Ms. Constand's request for attorney's fees and costs that she has incurred as a result of her ultimately unnecessary intervention motion.

BY THE COURT:

John R. Padova, J.